101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Assunta SAGLIOCCOLO, Plaintiff-Appellant,
v.
NEW YORK CITY MUNICIPAL CORPORATION, Department of Finance
Bureau of Tax Collection of the City of New York,
Commissioner of Finance; Department of Housing Preservation
and Development of the City of New York, Defendants-Appellees.
 No. 95-7215.
 United States Court of Appeals,
Second Circuit.
 March 22, 1996.
 
 1
 APPEARING FOR APPELLANT:Gaetano Saglioccolo, Toledo, OH.
 
 
 2
 APPEARING FOR APPELLEES:Trudi Mara Schleifer, Office of the Corporation Counsel, New York, N.Y.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 7
 In 1976, Assunta Saglioccolo's late husband stopped paying property taxes on their home in Astoria, Queens, New York. In 1981, after delinquent taxes had accrued for five years, the City began to foreclose on the property. In March 1984, a judgment of foreclosure was signed and title to the property was conveyed to the City. Between 1986 and 1990, Mr. Saglioccolo filed six lawsuits against the City, all of which were unsuccessful. On two occasions, September 18, 1992, and October 14, 1993, this Court affirmed the District Court's disposition of these cases. Saglioccolo, who had been estranged from her husband for thirteen years before his death in 1993, now seeks to challenge the same foreclosure action that her husband unsuccessfully challenged.
 
 
 8
 The District Court properly dismissed the complaint. First, the Tax Injunction Act, 28 U.S.C. § 1341, bars federal courts from interfering with state tax collection. The Act applies equally to enforcement measures such as the in rem foreclosure challenged here. Keleher v. New England Telephone & Telegraph Co., 947 F.2d 547, 549 (2d Cir.1991); DFJ Capital v. Ripps, No. CV-91-4770 (E.D.N.Y. October 3, 1994).
 
 
 9
 Second, the claim is time-barred. If the complaint alleges violation of due process, the application limitations period is three years. Owens v. Okure, 488 U.S. 235, 236 (1989). If, instead, the complaint is read to include a pendent state-law challenge to the in rem foreclosure, the limitations period is two years. ISCA Enterprises v. City of New York, 77 N.Y.2d 688, 696 (1991). The City recorded the deed on March 15, 1984. Saglioccolo's complaint was filed September 28, 1994, more than seven years after the last conceivable statute of limitations had run.
 
 
 10
 Finally, Saglioccolo appears to lack standing to bring this claim. Although she alleges that she held an interest in the property as a joint tenant or as a tenant in the entirety, her name was marked off on the deed, and there is no record indicating that she possessed any legal interest in the property. In her complaint, Saglioccolo alleges that Mr. Saglioccolo, upon his death, assigned all his legal claims, rights and causes of action to his son, who then assigned them to Saglioccolo. To the extent that her interest in this litigation is based on that transfer, her claims are precluded by collateral estoppel, just as they would be if her husband had attempted to relitigate them.